## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEREK LAMONT WHITE, #1108942,

        Petitioner,

v.                             ACTION NO.   2:16cv449

HAROLD CLARKE,
Director of the Virginia
Dept. of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

      This matter is before the Court on Derek Lamont White's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the respondent's motion to dismiss, ECF No. 11. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

## I. STATEMENT OF THE CASE

**A.   Background**

**1.   White's offenses and sentence**

Derek Lamont White ("White") is in state custody pursuant to convictions in the Circuit Court for the City of Norfolk.  On August 14, 2012, White signed a plea agreement and pled guilty to two counts of robbery, one count of malicious wounding, and two counts of use of a firearm in the commission of a felony.  Plea Agreement at 1, *Commonwealth v. White*, CR12-811 (Va. Cir. Ct. Aug. 14, 2012).   On November 2, 2012, the court sentenced White to 68 years in prison, with 36 years suspended, for a 32-year active term of incarceration.  Sentencing Order at 3, *Commonwealth v. White*, CR12-811 (Va. Cir. Ct. Dec. 4, 2012).  On December 4, 2012, the court entered a final judgment order.  Order, *White v. Davis*, CL14-8639 (Va. Cir. Ct. Dec. 4, 2012).

**2.   White's appellate history and state habeas filing**

Neither White nor his attorney sought appellate review of White's convictions.  State Pet. Writ Habeas Corpus 2, *White v. Davis*, CL14-8639 (Va. Cir. Ct. Oct. 29, 2014) ("State Pet."). After nearly two years, White, through counsel, filed his first state habeas petition in the Circuit Court for the City of Norfolk.  *Id.*  White signed the state habeas petition on October 29, 2014, and the petition was filed with the court on December 4, 2014.  *Id.*; Order, *White v. Davis*, CL14-8639 (Va. Cir. Ct. Dec. 4, 2014).   White focused his petition on the conduct of his attorney, Herman C. Smith, III ("Smith"), and alleged ineffective assistance of counsel, namely:

> (i) I asked Mr. Smith several times to note my appeal but he failed to do so.
> (ii) Mr. Smith did not subpoena my probation officer to speak on my behalf about my drug abuse when I asked him to.
> (iii) Mr. Smith failed to investigate the robbery case at all.
> (iv) Mr. Smith essentially forced me into a plea I did not want to take.

2

> (v) At the time of the sentencing, my attorney was charged with a felony offense which was pending. I was taken off guard when the court advised of this, and felt pressured to go forward instead of having the Court remove Mr. Smith and appoint me other counsel.

State Pet. 3.   White argued that such conduct violated his constitutional rights to effective assistance of counsel, due process, and equal protection.  *Id.*  On July 6, 2015, the Norfolk Circuit Court denied White's state habeas petition as to claims (ii) through (v), but ordered an evidentiary hearing as to claim (i).  Order, *White v. Davis*, CL14-8639 (Va. Cir. Ct. July 6, 2015).  After holding an evidentiary hearing on August 25, 2015, the circuit court denied relief as to claim (i) and dismissed White's state habeas petition completely.  Final Order at 1–2, CL14-8639 (Va. Cir. Ct. Aug. 25, 2015).

On September 23, 2015, White filed a notice of appeal to the Supreme Court of Virginia. Notice of Appeal, *White v. Davis*, CL14-8639 (Va. Sept. 23, 2015).  Proceeding *pro se*, White submitted his petition for appeal on November 16, 2015, Appellant's Pet. Appeal 3, *White v. Davis*, CL14-8639 (Va. Nov. 16, 2015); however, White failed to include a transcript or written statement of facts in his appeal.  Order, *White v. Davis*, CL14-8639 (Va. Feb. 9, 2016).  On February 9, 2016, the Supreme Court of Virginia refused White's petition on the grounds that the "record [was] not sufficient to enable the Court to evaluate and resolve the assignment of error." *Id.*  On February 20, 2016, White sent a letter petitioning the Court to reconsider his appeal, arguing that "extenuating circumstances" prevented him from obtaining the transcript and filing it with his earlier appeal.  Letter from Derek White, Pet'r, to Patricia Harrington, Deputy Clerk, Supreme Ct. of Va. (Feb. 20, 2016) (on file with the Supreme Ct. of Va.).  The Supreme Court of Virginia denied White's petition on May 12, 2016.  Order, *White v. Davis*, CL14-8639 (Va. May 12, 2016).

**B.** **White's federal habeas filing and the grounds alleged**

On July 14, 2016, White signed a federal petition for a writ of habeas corpus, which was filed on July 21, 2016. Fed. Pet. Writ Habeas Corpus, ECF No. 1 ("Fed. Pet.").

White alleges he is entitled to relief under 28 U.S.C. § 2254 based on four grounds:

> Ground #1: Petitioner White was denied his 6th and 14th Amendment Rights to Effective Assistance of Counsel, by his Trial Counsel's failure and refusal to timely note and file his Direct Appeal from his Criminal Conviction(s) and Sentence(s) after being requested to do so multiple times by petitioner and his mother.

> Ground #2: Petitioner White was denied his 6th and 14th Amendment Rights to Effective Assistance of Counsel, by Counsel's failure to perform a reasonable or adequate investigation of his robbery case prior to him taking a plea.

> Ground #3: Petitioner White states that the denial of his 6th and 14th Amendment Rights to Effective Assistance of Counsel prevented him from entering a knowing and voluntary guilty plea.

> Ground #4: Petitioner White states that his guilty plea was the direct result from his trial Counsel's Conflict of interest of having pending Obstruction of Justice felony charge(s) during his plea negotiation proceedings which Counsel failed to disclose prior thereto.

*Id.* at 19.

On November 18, 2016, respondent filed a Rule 5 answer and motion to dismiss. ECF Nos. 10, 11. White did not respond. The petition for a writ of habeas corpus and motion to dismiss are ripe for consideration.

## II. ANALYSIS

**A.** **White's federal habeas petition was not timely filed.**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitioners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The relevant portion of the statute provides that the statute of limitations begins to run from the latest of "the

date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added).  This time period tolls (meaning the statute of limitations stops running) when "a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending.  28 U.S.C. § 2244(d)(2) (emphasis added).

Although federal law determines when a judgment is final for purposes of the AEDPA statute of limitations, a federal court must look to state law to determine when the time for seeking direct review expires.  *E.g.*, *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005).  Under Virginia law, to be considered timely, a defendant must appeal his conviction "within 30 days from the date of any final judgment order, decree or conviction."  Va. Code Ann. § 8.01-675.3; *see also* Va. Sup. Ct. R. 5A:6 (specifying the same 30-day period).  Therefore, 30 days after the final judgment order, decree, or conviction is entered, the judgment is considered final for purposes of the AEDPA.

White's federal habeas corpus petition is time barred by section 2244(d)(1)(A).  White's final judgment order was entered on December 4, 2012.  Sentencing Order at 3, *Commonwealth v. White*, CR12-811 (Va. Cir. Ct. Dec. 4, 2012).  Therefore, under Virginia law, White had until January 3, 2013, 30 days after his final judgment order, to appeal his convictions.  *See* Va. Code Ann. § 8.01-675.3.  On January 3, 2013, after White failed to file a notice of appeal, the statute of limitations began to run on his federal habeas petition because this date constituted the "expiration of the time for seeking" an appeal of his conviction.  28 U.S.C. § 2244(d)(1)(A).  White, then, had one year, or until January 3, 2014, to either file his federal habeas petition or toll the statute of limitations by filing a state habeas petition.  *See* 28 U.S.C. § 2244(d)(2) (tolling

the statute of limitations whenever a "State post-conviction or other collateral review" of the judgment is pending).

White did not sign his state habeas petition until October 29, 2014. State Pet. 4. Therefore, his state habeas petition did not toll the running of his federal statute of limitations, which expired on January 3, 2014, and his federal petition, filed in July 2016, is barred by the statute of limitations.

**B.    White is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

White has not argued that he is entitled to equitable tolling. Resp't Br. 7; *see also* Fed. Pet. at 19–31 (showing no mention of equitable tolling). Even if he had, however, it is clear that the doctrine would not apply in his case. White's failure to file his federal habeas petition was not due to "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time," *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), and, therefore, equitable tolling is not proper in this case.

## III. RECOMMENDATION

White's federal habeas petition is barred by the AEDPA statute of limitations, and White has not demonstrated that he is entitled to equitable tolling. Accordingly, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the

petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 7 , 2017